# EXHIBIT A

Process Server/Sheriff
OCT 3 1 2024
SERVED KL

FILED
2024 OCT 30 A 9:18
COURT OF COMMON PLEAS
CIVIL DIVISION
NORTHAMPTON COUNTY, PA

**BRUNO LAW**
44 North Second Street
P.O. Box 468
Easton, PA 18044
(610) 258-4003
Attorney for Plaintiff

**IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PA**
**CIVIL ACTION – LAW**

| | |
|---|---|
| C.R., a minor by her parents and legal guardians, COLIN ROSE AND CHARMAINE CAMPBELL,<br>3605 Temple Court<br>Bethlehem, PA 18020<br><br>Plaintiffs,<br><br>vs.<br><br>WAL-MART #2252<br>3722 Easton Nazareth Highway<br>Easton, PA 18045<br><br>and<br><br>WALMART, INC.,<br>702 S.W. 8th Street<br>Bentonville, AR 72716<br><br>and<br><br>JOHN DOE,<br>A fictitious name,<br><br>Defendants. | No. C-48-CV-2024-10541<br><br>Civil Action<br><br>**JURY TRIAL DEMANDED** |

**NOTICE**
**COMPLAINT**

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance, personally or by attorney, and filing, in writing, with the

COPY

Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property, or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Northampton County Bar Association
Lawyer Referral Service
155 South Ninth Street
Eston, Pennsylvania
(610) 258-6333 - Phone

**BRUNO LAW**
44 North Second Street
P.O. Box 468
Easton, PA 18044
(610) 258-4003
Attorneys for Plaintiff

FILED
2024 OCT 30 A 9:18
COURT OF COMMON PLEAS
CIVIL DIVISION
NORTHAMPTON COUNTY, PA

**IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PA**
**CIVIL ACTION - LAW**

C.R., a minor by her parents and legal guardians, COLIN ROSE AND CHARMAINE CAMPBELL,
3605 Temple Court
Bethlehem, PA 18020

Plaintiffs,

vs.

WAL-MART #2252
3722 Easton Nazareth Highway
Easton, PA 18045

and

WALMART, INC.,
702 S.W. 8th Street
Bentonville, AR 72716

and

JOHN DOE,
A fictitious name,

Defendants.

No. C-48-CV-2024-10541

**COMPLAINT**

1. Plaintiff, C.R., a minor by her parents and legal guardians, Colin Rose and Charmaine Campbell, adult individuals residing at 3605 Temple Court, Bethlehem, Northampton

County, Pennsylvania.

2. The Defendant, Wal-Mart #2252 (hereinafter referred to as the "Walmart Defendants"), is a business organization authorized to do business in the Commonwealth of Pennsylvania, with its principal place of business located at 3722 Easton Nazareth Highway, Easton, Northampton County, Pennsylvania.

3. The Defendant, Walmart, Inc. (hereinafter referred to as the "Walmart Defendants"), is a business organization authorized to do business in the Commonwealth of Pennsylvania, with its corporate headquarters located at 702 S.W. 8th Street, Bentonville, Arkansas.

4. The Defendant, John Doe, a fictitious name, is an individual, corporation, and/or other entity who is either: (a) an owner of the subject property; and/or (b) possessor of the subject property; and/or (c) contractually obligated and/or otherwise responsible to provide inspections, maintenance, and/or repairs on the subject property; and/or (d) contractually obligated and/or otherwise responsible to maintain the store floor; each of whose identity, after reasonable investigation, is currently unknown. Plaintiff's counsel has conducted a responsible search with due diligence to identify the Defendants. Plaintiff will file a Motion to Amend the Complaint in accordance with Pa.R.C.P. 2005(c) and 1033 upon identifying the actual names of the Defendant or Defendants.

5. Each of the averments set forth in this Complaint apply with equal force against all Defendants, who are collectively referred to as the Walmart Defendants.

6. At all times relevant hereto, the Walmart Defendants, individually and/or jointly, were in control, possession and/or were the owners and/or operators of the premises located at 3722 Easton Nazareth Highway, Easton, Northampton County, Pennsylvania.

7. It was the duty of the Walmart Defendants, individually, jointly, and/or severally, to keep and maintain the premises in a reasonably safe condition for its lawful business invitees.

8. On or about March 5, 2022, and for a period of time prior thereto, the Walmart Defendants, their representatives, agents, servants, employees, and/or workers allowed said property, namely the store floor located within the Walmart Supercenter located at 3722 Easton Nazareth Highway, Easton, Northampton County, Pennsylvania, to exist in a dangerous and defective condition, specifically by allowing plastic packaging on the store floor to exist for a period of time (hereinafter referred to as the dangerous condition), and allowed said dangerous condition to exist when the aforesaid Walmart Defendants knew or should have known of said dangerous condition, thereby rendering the store floor dangerous to any pedestrian walking.

9. At all times material hereto, the Walmart Defendants, individually, jointly, and/or severally, knew or should have known of said dangerous condition of the property as referred to above.

10. On or about March 5, 2022, Plaintiff, C.R., a minor child, was shopping with her parents on the Walmart Defendants' property, which was open to the public, and as a result of the negligence of the Walmart Defendants, their representatives, agents, servants, employees, and/or workers (i.e. negligently allowing plastic packaging to exist on the store floor for a period of time), Plaintiff, C.R., a minor, slipped and fell sustaining severe and disabling personal injuries as more specifically set forth below.

11. At all times material hereto the Walmart Defendants, their representatives, agents, servants, employees, and/or workers were under a duty to all public invitees, including the Plaintiff, C.R., to ensure that all areas open to the public on the premises owned, controlled and/or possessed by them were maintained in a reasonably safe condition for all public invitees, including

the Plaintiff, C.R.

12. Plaintiff, C.R., suffered serious bodily injuries as a direct and proximate result of the negligence and carelessness of the Walmart Defendants, individually, jointly, and/or severally, by their representatives, agents, servants, workman and/or employees negligence, carelessness, conduct, acts, and/or omissions stated herein.

13. The negligence and carelessness of each of the Walmart Defendants, individually, jointly, and/or severally, and their agents, servants, employees, and/or workers consisted of the following:

a) Failing to provide for the safe access of public invitees to the premises by allowing the store floor to exist in a dangerous condition creating an unreasonable risk of harm;

b) Failing to properly inspect said premises and detect the existence of the dangerous condition, namely, the plastic packaging found on the store floor which did not provide for safe pedestrian walking;

c) Failing to properly remove the plastic packaging from the walking surface of the store floor which would foreseeably be used by public invitees;

d) Failing to properly maintain the premises, including the store floor;

e) Failing to timely remove said plastic packaging from the store floor;

f) Failing to properly train Defendants' representatives, agents, servants, workman and/or employees to exercise due care;

g) Failing to properly train their representatives, agents, servants, workers and/or employees in order to insure that their conduct was conducted in a safe manner;

h) Failing to properly supervise their representatives, agents, servants, workers and/or employees in order to insure that their conduct was conducted in a safe manner;

i) Failing to establish standard operating procedures/protocols for the actions of their representatives, agents, servants, workers and/or employees;

j) Failing to regard the rights, safety and position of the Plaintiff and the public in and about the area of the aforesaid incident, thus presenting a risk of serious injury to the public, specifically the Plaintiff, C.R., a minor;

k) Failing to provide for the safe access of the public by allowing their representatives, agents, servants, workers, and/or employees to negligently and carelessly operate on the store floor, creating an unreasonable risk of harm to Plaintiff, C.R., a minor, when the aforesaid Defendants knew or should have known of said dangerous condition;

l) Failing to warn the public, specifically the Plaintiff, C.R., a minor, of the existence of the dangerous condition, which created a risk of serious physical injury to the public;

m) Failing to block access to the public specifically, the Plaintiff, C.R., a minor, from the area of the incident while their representatives, agents, servants, workers, and/or employees stocked shelves in the area of the incident;

n) Allowing a dangerous condition to exist and permitting said dangerous condition to remain when the Walmart Defendants, their agents, servants, employees, and/or workers, knew or should have known their actions were creating a dangerous condition;

o) Allowing a dangerous condition to exist and permitting said dangerous condition

to remain; and

p) In having actual notice of the existence of the aforesaid dangerous and hazardous condition and permitting the condition to exist in spite of such notice.

14. As a direct and proximate result of the Wamart Defendants' negligence, individually, jointly, and/or severally, the Plaintiff suffered severe personal bodily and mental injuries including but not limited to a left femoral neck fracture requiring an open reduction with internal cannulated screw fixation of the left femoral neck, injuries to her nerves, multiple contusions and abrasions, post-traumatic stress disorder, depression, fear, anxiety, mental and psychic injuries, as a result of which she was rendered sick, sore and disabled, all of which have been to her great financial loss.

15. As a direct and proximate result of the Walmart Defendants' negligence, individually, jointly, and/or severally, the Plaintiff, C.R., has in the past and will continue into the future to suffer great mental anguish and physical pain, all of which have been to her great financial loss.

16. As a direct and proximate result of the Walmart Defendants' negligence, individually, jointly, and/or severally the Plaintiff, C.R., and her parents, Plaintiffs, Colin Rose and Charmaine Campbell, have in the past and will continue into the future to expend large sums of money for medical treatment due to the nature of Plaintiff's injuries sustained in this accident, including insurance liens.

17. As a direct and proximate result of the Walmart Defendants' negligence, individually, jointly, and/or severally, the Plaintiff C.R., has in the past and will continue into the future be unable to pursue and enjoy the usual activities of the life of an individual of the Plaintiff's age, and has suffered a loss of enjoyment of life, loss of life expectancy, loss of happiness, and

loss of the pleasures of life up to the date of the filing of the Complaint, all of which have been to her great financial loss.

18. As a direct and proximate result of the Walmart Defendants' negligence, individually, jointly, and/or severally, the Plaintiff's C.R., parents and legal guardians, Colin Rose and Charmaine Campbell, have been unable to pursue each of their usual occupations and/or daily activities in the same manner for extended periods of time from the date of the accident upon which this cause of action is based and into the future will continue to suffer lost wages and other lost employment benefits all of which is to their great financial loss.

19. As a direct and proximate result of the Walmart Defendants' negligence, individually, jointly, and/or severally, the Plaintiff, C.R., and her parents and legal guardians, Colin Rose and Charmaine Campbell, will suffer a loss of earning power and capacity all of which will be to their great financial loss.

20. At all times material hereto, the Walmart Defendants by virtue of the Doctrine of Respondeat Superior, are vicariously labile for any acts of negligence referred to above on the part of the Walmart Defendants' agents, servants, and employees.

WHEREFORE, Plaintiffs, C.R., a minor by parents and legal guardians, Colin Rose and Charmaine Campbell, demand that judgment be entered against the Walmart Defendants, individually, jointly and/or severally, for an amount in excess of fifty thousand and 00/100 ($50,000.00) dollars, together with interest and the cost of this proceeding.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues.

**DESIGNATION OF TRIAL COUNSEL**

The undersigned is hereby designated as trial counsel in this matter.

**BRUNO LAW**

BY: ______________________
CHARLES BRUNO, ESQ.
I.D.# 52812

DATED: 10/22/2024

**BRUNO LAW**

BY: ______________________
TIMOTHY C. JONES, ESQ.
I.D.# 323729

DATED: 10/22/2024

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Timothy C. Jones, Esq.

Signature: [signature]

Name: Timothy C. Jones, Esq.

Attorney No. (if applicable): 323729

**VERIFICATION**

The undersigned, having read the attached pleading, verifies that the within pleading is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the pleading is that of counsel and not of signer. Signer verifies that they have read the within pleading and that it is true and correct to the best of signers' knowledge, information and belief. To the extent that the contents of the pleadings are that of counsel, verifiers have relied upon counsel in taking this Verification. This Verification is made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

COLIN ROSE, parent and legal guardian of Plaintiff, C.R., a minor

CHARMAINE CAMPBELL, parent and legal guardian of Plaintiff, C.R., a minor

DATED: 10/22/2024